S. NATHAN & Co., INC. *v.* UNITED STATES (No. 4629)[1]

[1] C. A. D. 426.

United States Court of Customs and Patent Appeals, February 2, 1950

*John D. Rode* for appellant.
*David N. Edelstein*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, special attorney, of counsel), for the United States.

[Oral argument December 6, 1949, by Mr. Rode and Mr. Taylor]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, rendered in conformity with its decision, C. D. 1171.

The Customs Court in its decision overruled the claim in appellant's protest which alleged that the imported merchandise, consisting of synthetic stones, was properly dutiable as rubies, or other precious or semiprecious stones, under paragraph 1528 of the Tariff Act of 1930 at 10 per centum ad valorem, either directly or by similitude, in accordance with the provisions of paragraph 1559, rather than as imitation precious stones at 20 per centum ad valorem, as assessed by the collector, in accordance with the provisions of said paragraph 1528.

The pertinent provisions of the described paragraphs read as follows:

Paragraph 1528. * * * diamonds, coral, rubies, cameos, and other precious stones and semi-precious stones, cut but not set, and suitable for use in the manufacture of jewelry, 10 per centum ad valorem; imitation precious stones, cut or faceted, * * * 20 per centum ad valorem * * *.

Paragraph 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned * * *.

Two witnesses testified for appellant. Six samples of merchandise invoiced as synthetic rubies and six samples invoiced as synthetic white sapphires were introduced in evidence by appellant as illustrative exhibits. Sample of a ruby boule was also submitted as an illustrative exhibit by appellant.

No testimony was introduced by the Government in support of the collector's classification. On cross-examination, a letter written to the United States Appraiser at New York was introduced in evidence as an exhibit for appellee by counsel for the Government.

The position of the trial court in affirming the action of the collector was based on the conclusion expressed in the following excerpt from the record:

On this record, we find these synthetic stones are not eo nomine provided for in the Tariff Act of 1930. It is also clear that while they resemble precious stones, they are not such. It is further apparent from the testimony that they are not known in the trade as imitation precious stones. We are convinced from the legislative history that Congress intended them to be dutiable at the same rate as imitation precious stones.

Appellant in support of the assignment of errors by which the validity of certain findings of the trial court was challenged, points out with accuracy that by the undisputed weight of the evidence the synthetic stones here in issue are identical in composition and physical properties with the rubies and other precious or semiprecious stones found in nature. More specifically, and with reference to the artificial production of certain gems, chiefly rubies and sapphires, the following facts, as stated in appellant's brief, appear to be here established, numerical references to pages of the record being omitted:

In all of those qualities by which stones are judged, the synthetic is the same as or superior to the natural—in color, clearness, cleanliness, hardness, luster, brilliance, diaphoneity, cutting properties, use, optical properties, thermal characteristics, specific gravity, cleavage or parting, structure, and chemical composition.

The witnesses who testified for appellant were Leopold Nathan, president of the appellant corporation, and Dr. Alexander E. Alexander, mineralogist by profession and director of the Gem Trade Laboratory, Incorporated, an organization supported by 60 retail jewelry firms in New York City for the purpose of furnishing expert aid to them and others in the identification of stones, precious and otherwise.

Counsel for the Government, while not controverting the fact that the chemical composition of the synthetic stones before the court is identical with the chemical composition of the stones found in nature, and that the synthetic stones can be distinguished from the natural stones only by experts skilled in the art, maintain that the imported synthetic stones are not rubies and sapphires, nor classifiable as precious stones, because they are wholly lacking in the two essential

qualities of rarity and intrinsic value which always have distinguished natural or genuine stones from all others.

The testimony of appellant's witnesses, while tending to prove that the stones in issue are in fact true rubies and sapphires, falls short of proving that they should be classified as precious stones, inasmuch as the witness Leopold Nathan stated that synthetic stones were sold as such by his company and not as genuine or natural stones, and that the term precious stones applies solely to genuine or natural stones.

The Customs Court, at the outset of the trial, sought to clarify the issue in accordance with the following excerpt from the record:

Judge COLE. What is the difference between "imitation" and "synthetic"?

Mr. RODE. Well, to my mind, Your Honor, an imitation is where a man consciously tries to imitate something else, and he sets out to imitate and not duplicate. He knows that when he is finished he will have an imitation. Synthetic, to my mind, means an attempt, successful or unsuccessful, to actually duplicate something that does exist.

Judge MOLLISON. You mean make something that is substantially identical?

Mr. RODE. No; that is identical.

Judge COLE. Possibly the result in each of the two cases you mentioned would be the same.

Mr. RODE. No, Your Honor. If nature takes water and freezes it, the product is what we know as "ice". But if man, by mechanical refrigeration, produces ice, I say they are identical, and I say that the man-made ice is synthetic ice, which it is sold as in this country. But if you wanted to imitate ice, you might do it in numerous ways. Take glass. Synthesis is the antithesis of analysis. It is the bringing together of certain products and materials to actually create something. At least, that is my understanding.

Judge COLE. Very well.

We find no error in the finding of the trial court that, upon the facts presented in the record, it does not appear the involved merchandise is dutiable directly under the *eo nomine* provision for rubies and other precious stones in paragraph 1528. In this connection, reference is made by appellant to paragraph 367, subdivision (d), Tariff Act of 1930, which provides for jewels suitable for use in any watch movement or timekeeping device. Under that provision, according to the uncontradicted statement in the brief for appellant, synthetic rubies and sapphires have been uniformly classified by collectors of customs on the same basis and assessed with duty at the same rate as natural or precious stones.

We find no error in the further finding of the trial court that, in accordance with the evidence submitted by appellant, the imported stones while resembling precious stones are not such, nor are they known in the trade as imitation precious stones. We are not convinced, however, that there is no error in the finding of the court that

the Congress intended these stones to be dutiable at the same rate as that which is levied on imitation precious stones.

The record discloses and the court found that synthetic stones are not imitation stones. The record further shows that imitation precious stones are usually glass or sometimes plastic replicas of the more valuable precious stones, and that the synthetic stones here in issue while much less valuable than the rubies and other precious stones they most resemble, are similar thereto in material, quality, texture, and the use to which they are applied.

The imported articles are not enumerated in the Tariff Act of 1930 but they most resemble the rubies and other precious stones enumerated in paragraph 1528 in the particulars hereinbefore mentioned. Accordingly, they are subject by similitude to the same rate of duty which is levied under paragraph 1528 on rubies or other precious stones at 10 per centum ad valorem. See *Mermod & Jaccard Jewelry Company* v. *United States*, 6 Treas. Dec. 670, T. D. 24601; *Albert Lorsch & Co.* v. *United States*, 11 Treas. Dec. 527, T. D. 27278; *L. Heller & Sons* v. *United States*, 13 Treas. Dec. 901, T. D. 28295.

The first of the three cases just cited squarely held that synthetic stones consisting of artificial rubies made by combining oxide of chrome and aluminum, and assessed for duty at the rate of 20 per centum ad valorem, under the provisions of section 6 of the tariff act of 1897, as nonenumerated manufactured articles, were properly dutiable under paragraph 453 of that Act, either directly or by similitude, as precious stones cut but not set, at the rate of 10 per centum ad valorem.

The learned opinion in the *Mermod & Jaccard Jewelry Company* case written by De Vries, General Appraiser, is sound and helpful in determining the question here in issue, although on appeal "the Board was reversed by consent, the amount of money involved being too small to justify a defense by the importers." See *Albert Lorsch & Co.* v. *United States*, *supra*. In the two other cases hereinbefore cited, the board approved and followed the holding in the *Mermod & Jaccard Jewelry Company* case in deciding that certain reconstructed or synthetic rubies were properly dutiable, directly or by similitude, as precious stones.

The attempt of the trial court and that of counsel for the Government to distinguish the enumerated cases from the case at bar appear to be without warrant. Moreover, the language used in paragraph 1528 expresses the intent of the Congress in plain and unambiguous terms and the trial court had no ground upon which it was authorized to delve into the legislative history of the statute. *United States et al.* v. *American Trucking Associations, Inc. et al.*, 310 U. S. 534; *Thorens, Inc.* v. *United States*, 31 C. C. P. A. (Customs) 125, C. A. D. 261.

Had the Congress intended to impose the higher rate of duty on synthetic stones and to include them in the same provision with imitation stones, it would have been quite a simple matter for it to have said so. Not having enumerated the imported articles in the Act, such articles, in accordance with the facts presented, are subject by similitude to the same rate of duty which is levied on rubies and other precious stones.

The synthetic stones before the court do not possess the qualities of rarity and intrinsic value possessed by precious stones but that fact does not alter the substantial similarity of the two classes of articles in the other particulars hereinbefore described nor change the classification of the synthetic stones for tariff purposes. *United States* v. *Eckstein*, 222 U. S. 130.

In view of that conclusion, it is deemed unnecessary to discuss other points raised in the arguments of counsel. Accordingly, for the reasons stated, the judgment of the United States Customs Court is *reversed.*

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.